UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NEMEER AWADEH,

                                       **COMPLAINT**

                Plaintiff,

                -against-

CITY OF NEW YORK; NYPD Police Officer Vincent
Mandracchia, Shield No. 1559, and NYPD Officers JOHN
and JANE DOE 1 through 20, individually and in their
official capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                Defendants.
-----------------------------------------------------------------X

       PLAINTIFF NEMER AWADEH, by PLAINTIFF'S attorney, the LAW OFFICE OF

ADAM J. ROTH, complaining of the defendants, respectfully alleges as follows:

<u>FACTS</u>

       1.      PLAINTIFF NEMER AWADEH, is a Palestinian male and has been at all relevant

times a resident of Richmond County in the City and State of New York.

       2.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

       3.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police

Department, duly authorized public authorities and/or police departments, authorized to perform

all functions of a police department as per the applicable sections of the New York State Criminal

Procedure Law, acting under the direction and supervision of the aforementioned municipal

corporation, The City of New York.

4.      At all times relevant; NYPD P.O. Vincent Mandracchia, Shield No. 1559, individually and in his official capacities; and NYPD Defendants John & Jane Doe 1 through 20 ("Doe Defendants") were police officers, detectives or supervisors employed by the NYPD.  PLAINTIFF does not know the real names and shield / tax numbers of defendants John & Jane Doe 1 through 20.

5.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

6.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

7.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

8.      On or about November 5, 2020 at or around 12:40 a.m., PLAINTIFF was lawfully working at his family's deli located at the intersection of Newberry Avenue and Richmond Road, Count of Richmond, Staten Island, New York.

9.      Two New York City Police Officers, including defendant Mandracchia drove into the parking lot of the deli in an unmarked police vehicle.

10.      The two New York City Police Officers then began making noises and acting unruly in the parking lot.

11.      Plaintiff Nemer Awadeh walked outside of the deli and asked the defendants to leave the premises.

2

12.     The defendants then became even more unruly, and then sped out of the parking lot towards Richmond Road.

13.     At some point, the two defendants then made a U-turn in the unmarked police vehicle and parked in front of the deli.

14.     The two defendants then got out of the car and the plaintiff immediately apologized stating that he did not know the defendants were cops.

15.     The defendants then demanded the plaintiff's identification.

16.     The plaintiff asked the defendants why they needed his identification.

17.     The defendant Mandracchia then stated, "either you give me your ID, or I'm going to get the entire precinct down here and get it from you."

18.     The plaintiff again questioned why the defendants needed his ID.

19.     Approximately sixty seconds later, approximately 20 police officers came to the deli.  Jane and John Does 1-20 then surrounded and menaced the plaintiff.

20.     The defendant Mandracchia then reached his hand into the plaintiff's pocket.

21.     Defendant Mandrachhia, and John/Jane Does 1-20 then grabbed the plaintiff, forcibly subdued the plaintiff, hand cuffed the plaintiff, punched the plaintiff, placed a knee of the plaintiff's neck and generally used excessive force, presumably to obtain the plaintiff's identification.

22.     The entire episode is memorialized by multiples videos, attached hereto to Exhibits 1 and 2.

23.     After being jumped, kicked, punched, choked and generally trounced by a fair portion of the 122nd precinct, the plaintiff was arrested and charged with the following crimes

      A.   240.20(03) Disorderly Conduct

B.   205.30 Resisting Arrest

C.   195.05 Obstruction of Governmental Administration 2nd Degree

24.   Defendant Mandracchia signed the Misdemeanor knowing its contents were largely inaccurate.  Specifically, Defendant Mandracchia alleged that the plaintiff yelled to a group of people "FUCK YOU, FUCK YOU THE NEIGHBORHOOD DOESN'T NEED YOU, ASSHOLES." And states that plaintiff refused to provide his identification by saying "I'M NOT GIVING IT TO YOU GUYS."

25.   Defendant Mandracchia filed these charges for his own personal gain and not because of probable cause to make the arrest.

26.   Plaintiff was arrested on November 5, 2020, arraigned on January 29, 2021, and his criminal charges were dismissed via ACD *nunc pro tunc* on April 28, 2021.  A copy of the plaintiff's certificate of disposition is attached hereto as Exhibit 3.

27.   PLAINTIFF suffered damage as a result of defendants' actions.  PLAINTIFF was deprived of liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, slander, libel, humiliation, and reputational damage.

**CLAIM ONE**
**Under State and Federal Law**
**FALSE ARREST**

28.   PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

29.   Defendant police officers arrested PLAINTIFF in the absence of probable cause and without a valid warrant.

30.     As a result of the aforesaid conduct by defendants, PLAINTIFF was subjected to an illegal, improper and false arrest by the defendants and caused to be falsely imprisoned, detained and confined.    The aforesaid actions by the defendants constituted a deprivation of the PLAINTIFF's rights.

## CLAIM TWO
## Under State and Federal Law
## MALICIOUS ABUSE OF PROCESS

31.     PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

32.     The individual defendants issued legal process to place PLAINTIFF under arrest.

33.     The Municipal Defendants arrested PLAINTIFF in order to obtain collateral objectives outside the legitimate ends of the legal process.

34.     The Municipal Defendants acted with intent to do harm to PLAINTIFF without excuse or justification.

35.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, in addition to the damages hereinbefore alleged.

## CLAIM THREE
## Under State Law
## ASSAULT and BATTERY

36.         PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

5

37.     Defendants' aforementioned actions placed PLAINTIFF in apprehension of imminent harmful and offensive bodily contact.

38.     Defendant police officers touched PLAINTIFF in a harmful and offensive manner.

39.     Defendant police officers did so without privilege or consent from PLAINTIFF.

40.     As a result of defendants' conduct, PLAINTIFF has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## CLAIM FOUR
### Under State and Federal Law
## UNREASONABLE FORCE

41.     PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

42.     The defendants violated the Fourth and Fourteenth Amendments and New York State Law because they used unreasonable, excessive, and unjustified force on PLAINTIFF.

43.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM FIVE
### Under Federal Law
## DEPRIVATION OF FEDERAL RIGHTS

44.         PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

45.         All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

6

46.          All of the aforementioned acts deprived PLAINTIFF of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

47.          The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

48.          The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

49.          Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## CLAIM SIX
### Under State Law
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

50.          PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

51.   Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendant MANDRACCHIA individually named above.

52.     Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

53.     Due to the negligence of the defendants as set forth above, PLAINTIFF suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

54.     The acts complained of deprived the PLAINTIFF of his rights:

A.   Not to be deprived of liberty without due process of law;

B.   To be free from seizure and arrest not based upon probable cause;

C.   Not to have summary punishment imposed upon him; and

D.   To receive equal protection under the law.

**WHEREFORE**, PLAINTIFF respectfully requests judgment against defendants as follows:

    i.  an order awarding compensatory damages in an amount to be determined at trial;

    ii.  an order awarding punitive damages in an amount to be determined at trial;

    iii.  reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

DATED:    New York, New York
              November 15, 2021

                                _____/s/_____
                                Adam J. Roth
                                Law Offices of Adam J. Roth
                                112 Madison Avenue, 6th Floor
                                New York, New York 10016
                                Tel    212-922-3741
                                Fax    212-253-4157
                                ajr@loajr.com
                                *Attorney for Plaintiff*

9